## Baker *versus* Freeman & al.

An authorization to an agent to affix the seal of his principal must itself be under seal.

If an agent have affixed to an instrument the name and seal of his principal, when authorized to affix the name only, the seal cannot be treated as surplusage, even though the instrument would have been effectual by the signing without the sealing.

In an assignment of a debtor's property *in trust,* for the benefit of creditors, the trustees covenanted under seal that they would pay proportionate dividends to such creditors as should *sign* the instrument of assignment, assenting thereto and stipulating that they would release certain claims; —

*Held,* that a creditor whose name had been signed thereto, under proper authority, by an agent who at the same time, *without authority* annexed a seal to the signature, was not so a party to the instrument as to maintain covenant broken against the assignees for his proportion of the dividends.

On Report from *Nisi Prius.*

Covenant Broken.

In 1833, by an *indenture* of three parts, one Edward Rowse, of the first part, assigned his property to the defendants, of the second part, for the benefit of M. N., I. J., and such others, being creditors of said Rowse, as have *signed* the instrument, of the third part. The defendants on their part assented to the trust, and covenanted for its faithful performance.

The instrument contained a clause, attesting that the parties of the third part assented to the assignment, and stipulating that they would release and discharge all their claims against one Bean, the co-partner of Rowse.

The instrument contained the signatures and seals of some of the creditors, and shows among them the name and seal of the plaintiff, " by Joseph Adams." The defendants deny that Adams had authority to affix the seal of the plaintiff, who thereupon introduced the deposition of Adams. His testimony was, that he affixed the name and seal of the plaintiff, and that he had authority from the plaintiff, and thinks it was either verbal or written, but not under seal.

The case was submitted to the Court upon a stipulation that " if in their opinion, the execution of the assignment is

not proved, the plaintiff is to become nonsuit ;" if otherwise, a default is to be entered.

*Lancaster & Baker*, for the plaintiff.

The only question is, whether the plaintiff so became a party to this instrument, that he can maintain this action?

His name and seal were affixed to the assignment by Jos. Adams, and by the *authority* of the plaintiff, as he deposes.

By what kind of authority?

I. We contend that the Court is authorized to infer that it was by power of attorney. This assignment was made twenty years ago; the property passed into the hands of the defendants, and was long since converted by them, and all parties have treated this as a valid instrument for the whole time. It is not therefore to be expected that this authority can be so well proved as in a recent transaction. It is not a matter of record, but is of a transitory kind, so that witnesses might be almost expected to forget the transaction. The fact of authorization being proved, the law will step in, after such lapse of time, and presume that it was the legal kind of authorization, until the contrary appears.

II. Parole authority was sufficient.

If a person is present, parole authority is good. But, if the authority was given, it can be of no importance that the principal should be present.

So one co-partner may affix a seal for the others. 4 Maine, 206 ; 11 Pick. 400 ; 21 Maine, 280 ; 4 Mason, 206.

There is no necessity for such a rule as to assignments, but great inconvenience in it. Preserve the rule as to deeds of conveyance, if you please, but in commercial transactions, so often done through agency of others, it is worse than useless.

This rule applied to commercial matters is inconsistent with the spirit of the age, and must ultimately fall.

Why not let it go now?

III. It was not necessary that the plaintiff's signature should be affixed *with seal*, it is good without, and entitles him to maintain this action. Adams was authorized to *sign*,

if not to affix the seal, and by the very terms of the instrument, this is all that is required.

The covenant is made by the defendants, with the several parties of the third party. Who are the third party? The instrument defines them to be such creditors as shall "*sign*" it, not become parties to it, not execute, not sign and seal and deliver. These three things are included in the word *execute.* To require a seal, is to make a new contract for the parties.

*Deane,* for the defendants.

APPLETON, J. — This is an action of covenant broken, in which the plaintiff seeks to recover whatever may be due him as party to an assignment under seal, made to the defendants by one Rowse, of whom he was a creditor. To entitle him to recover, he must show that he became legally a party thereto. He did not sign the indenture himself, but his name was affixed by Joseph Adams, who purported to act as his attorney. As the contract declared on was a sealed instrument, and as the plaintiff's rights depend on his having become a party to the same, it is obvious that unless Mr. Adams had authority under seal, to bind his principal, his signature would be ineffectual for that purpose. The only testimony on this subject is from Mr. Adams, who says he had authority from Mr. Baker to execute the assignment, and thinks it was either verbal or written, and that it was not under seal, because he could find no power under seal, and has no recollection of having had such a power from him. By his testimony it is left uncertain whether the authority was verbal or written, while the idea that it was under seal is distinctly negatived. As the attorney was not authorized to bind his principal, the latter is to be regarded as a stranger to the assignment and not entitled to any benefits arising under it.          *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, WELLS and HOWARD, J. J., concurred.